IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-43-D
No. 5:14-CV-895-D

| | |
|---|---|
| WENDELL HUSSEY LLOYD, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | **ORDER** |

On December 19, 2014, Wendell Hussey Lloyd, Jr. ("Lloyd") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 12-month sentence [D.E. 32]. On February 12, 2015, the United States ("government") moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Lloyd's section 2255 motion [D.E. 36]. Alternatively, the government moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment. See id.; [D.E. 37]. On March 10, 2015, Lloyd responded in opposition [D.E. 39]. As explained below, the court grants the government's motion for summary judgment.

I.

On June 2, 2014, Lloyd pleaded guilty to possessing contraband in prison (marijuana) in violation of 18 U.S.C. §§ 1791(a)(2) and (b)(3) (count one), and possessing contraband in prison (tobacco) in violation of 18 U.S.C. §§ 1791(a)(2) and (b)(5) (count two). See [D.E. 1, 28]. Lloyd and the government jointly waived preparation of a Presentence Investigation Report and asked the court to sentence Lloyd on the day of his guilty plea. See [D.E. 24, 25, 28, 29]. The court agreed to do so. See [D.E. 25]. On June 2, 2014, the court sentenced Lloyd to twelve months' imprison-

ment on count one and six months' imprisonment on count two, to run concurrently, for a total sentence of 12 months' imprisonment. See [D.E. 28] 2. The court ordered the sentences to run consecutively with Lloyd's 188-month sentence that this court imposed on April 17, 2013, following Lloyd's conviction for being a felon in possession of a firearm and ammunition. See id.; see also United States v. Lloyd, No. 5:11-CR-312-D (E.D.N.C. Apr. 17, 2013), [D.E. 57]. Lloyd did not appeal his conviction or sentence concerning his contraband case.

On December 19, 2014, Lloyd filed a section 2255 motion. See [D.E. 32]. In the motion, Lloyd presents two claims of ineffective assistance of counsel. First, he contends that after his sentencing on June 2, 2014, he directed his counsel to file a notice of appeal, but that counsel failed to do so. See id. 4. Second, he claims that counsel improperly failed to object at his sentencing on June 2, 2014, to certain convictions that were used to calculate his criminal history category. See id. 5.

The government filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively, for summary judgment under Rule 56. See [D.E. 36] 1; [D.E. 37] 2–4. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975)(per curiam), the court notified Lloyd of the motion, the consequences of failing to response, and the response deadline. See [D.E. 38]. Lloyd responded in opposition. See [D.E. 39]. In this procedural posture, the parties are on notice of the court's ability to convert the motion to dismiss into a motion for summary judgment. See, e.g., Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 261 (4th Cir. 1998); Sager v. Hous. Comm'n of Anne Arundel Cnty., 855 F. Supp. 2d 524, 542 (D. Md. 2012); Harlow v. Stansberry, No. 2:08CV558, 2009 WL 2496528, at *2 (E.D. Va. Aug. 14, 2009) (unpublished).

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law.

2

Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in

3

violation of the Sixth Amendment, Lloyd must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

The Sixth Amendment imposes a duty upon counsel "to consult with the defendant concerning whether to appeal when counsel has reason to believe . . . (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord United States v. Cooper, 617 F.3d 307, 312–14 (4th Cir. 2010); Miller v. United States, 150 F. Supp. 2d 871, 881 (E.D.N.C. 2001). The Supreme Court has "defined the term 'consult' to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp. 2d at 879 (quoting Flores-Ortega, 528 U.S. at 478). "In cases where the attorney consulted with petitioner about an appeal, the attorney 'performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id.; United States v. Peak, 992 F.2d 39, 41–42 (4th Cir. 1993).

In his first ineffective-assistance claim, Lloyd contends that after his sentencing on June 2, 2014, he orally told his counsel to file a notice of appeal, but that counsel failed to do so. See [D.E. 32] 4. In response, Lloyd's former counsel filed an affidavit expressly refuting Lloyd's allegation that he failed to follow Lloyd's instruction to file a notice of appeal. See [D.E. 37-1]. In the affidavit, counsel states:

> 1. I am Joseph B. Gilbert, and I was appointed to represent Wendell Hussey Lloyd, Jr., in the United States District Court for the Eastern District of North Carolina.

4

2. I met with Mr. Lloyd at the Federal Correctional Complex Butner on May 8, 2014, where we discussed the discovery I had received, and he informed me that he wanted to plead guilty as soon as possible, and to be sentenced the same day as arraignment for possessing contraband in prison. He had previously sent me a typewritten letter containing numerous legal issues, but told me he did not want to pursue them if he could quickly go to court and be sentenced the same day that he pleaded guilty.

3. On June 2, 2014 Mr. Lloyd pleaded guilty to the two count indictment and was sentenced the same date, as he had requested. He received a total sentence of 12 months, and after the hearing I advised him of his appellate rights. He told me that he did not want to appeal, and signed the attached document indicating that he did not want to appeal. Because it is his right to appeal or to choose not to, and because he told me that he did not want to appeal, I did not file an appeal in his case.

4. Mr. Lloyd now claims that I failed to object to his presentence report (PSR). Because he had already received a presentence report from his earlier federal criminal case, and because the court granted his request for arraignment and sentencing on the same date, there was no presentence report prepared in this case. Therefore, neither he nor I raised PSR objections.

[D.E. 37-1] ¶¶ 1–4. Counsel attached to his affidavit a copy of a document that Lloyd signed on June 2, 2014, after Lloyd was sentenced. See [D.E. 37-2]. The document states:

> My attorney has explained my rights and decisions during the course of the representation, including the fact that it is my decision whether or not to appeal my judgment.
>
> I understand that Title 18 of the United States Code (18 U.S.C. § 3742) gives a defendant the right to appeal for review of my sentence if it was imposed in violation of law, as a result of an incorrect application of the sentencing guidelines, or is unreasonable.
>
> I also understand that under the Federal Rules of Appellate Procedure, notice of my appeal must be filed with the United States District Court that imposed my judgment 14 days after entry of the judgment, or it may be dismissed as untimely filed.
>
> My attorney has also explained to me whether or not my attorney believes that any meritorious appellate issue exists in my case, the chances for success, the effect of any guilty plea or waiver of appeal rights contained in a plea agreement, and any possible bad consequences which my attorney believes could result from a ruling against me by the Court of Appeals.

[D.E. 37-2]. The document then states "Knowing and understanding the above, I have decided that

5

I:" Id. Lloyd then checked the box next to the statement: "Do Not Wish to Appeal." Id. Lloyd signed the document immediately below the box that Lloyd checked. Id. The document is dated June 2, 2014. Id. Lloyd admits that Gilbert's affidavit "is not false" and that he signed the document, but he claims that Gilbert's "affidavit does not tell the whole story." [D.E. 39] 3.

Where affidavits directly conflict concerning whether counsel failed to file a notice of appeal as directed, a court considering a habeas petition should hold an evidentiary hearing. See, e.g., United States v. Diaz, 547 F. App'x 303, 304 (4th Cir. 2013) (per curiam) (unpublished); United States v. Wright, 538 F. App'x 237, 237–38 (4th Cir. 2013) (per curiam) (unpublished); United States v. Matthews, 239 F. App'x 806, 807 (4th Cir. 2007) (per curiam) (unpublished). Nonetheless, a court need not hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see Strong v. Johnson, 495 F.3d 134, 139–40 (4th Cir. 2007); United States v. White, 366 F.3d 291, 296–97 (4th Cir. 2004); Witherspoon, 231 F.3d at 925–26; United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988), abrogated on other grounds by Padilla v. Kentucky, 559 U.S. 356 (2010); Eagle v. United States, 876 F. Supp. 2d 1090, 1102–1103 9(D.S.D. 2012) (To be entitled to an evidentiary hearing, "a petitioner must 'allege facts which, if true, would entitle him to relief; merely stating unsupported conclusions will not suffice.'" (quoting Woods v. United States, 567 F.2d 861, 863 (8th Cir. 1978) (per curiam))). Based on counsel's affidavit and the document that Lloyd signed on June 2, 2014, which states in writing that Lloyd consulted with his counsel about his appellate rights and that Lloyd did not wish to appeal, counsel did in fact consult with Lloyd concerning his appellate rights, Lloyd chose not to appeal, and counsel complied with Lloyd's choice. On these facts, there was no ineffective assistance of counsel. See, e.g., Flores-Ortega, 528 U.S. at 478–81.

6

In his unsworn response to the government's motion for summary judgment, Lloyd claims that counsel's affidavit "is not false," but "does not tell the whole story." [D.E. 39] 3. Lloyd's unsworn response then recounts a conversation that he had with Gilbert on May 8, 2014, in which Lloyd told Gilbert that Lloyd wanted to object to his criminal history and that Lloyd wanted to appeal his sentence if the court improperly scored his criminal history. See id. The conversation on May 8, 2014, which obviously took place before the guilty plea and sentencing on June 2, 2014, does not overcome Lloyd's express written direction to Gilbert on June 2, 2014, to not appeal. Furthermore, even though Lloyd's petition states that after his sentencing on June 2, 2014, he orally told counsel to appeal, [D.E. 32] 4, Lloyd nowhere states under oath that, after signing the document on June 2, 2014, directing counsel not to appeal, that he then told his counsel to appeal. Cf. [D.E. 32, 39]. Accordingly, there is no genuine issue of material fact about whether counsel consulted with Lloyd about his appellate rights or whether counsel failed to follow Lloyd's final direction on whether to appeal. Viewing the record in the light most favorable to Lloyd, on June 2, 2014, counsel consulted with Lloyd about his appellate rights, Lloyd orally told counsel to appeal, but then Lloyd ultimately told counsel in writing that he did not wish to appeal. Simply put, no competent evidence suggests that, after Lloyd signed the document directing counsel not to appeal, Lloyd then orally directed counsel to appeal. In reaching this conclusion, the court is not making a credibility determination. Rather, taking Lloyd at his word that Gilbert's affidavit "is not false," no genuine issue of material fact exists concerning whether there was ineffective assistance in his case. See, e.g., Flores-Ortega, 528 U.S. at 478–81. There was not. See id. Thus, no evidentiary hearing is necessary, and the court grants summary judgment to the government on Lloyd's first ineffective-assistance claim.

As for Lloyd's second ineffective-assistance claim, Lloyd contends that his counsel was ineffective in June 2014 by failing to object to the conviction listed in paragraph 12 of his December

7

2012 PSR based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). See [D.E. 32] 5. Lloyd also contends that counsel was ineffective by failing to object to criminal history points for the convictions listed in paragraphs 8 and 9 of his December 2012 PSR because he was 16 years old when he committed the common law robbery listed in paragraph 8 and the conspiracy to commit armed robbery listed in paragraph 9. See [D.E. 32] 5; cf. PSR ¶¶ 5–6, United States v. Lloyd, No. 5:11-CR-312-D (E.D.N.C. Dec. 5, 2012), [D.E. 39].

Simmons does not help Lloyd concerning the conviction listed in paragraph 12 of the December 2012 PSR. Notably, at Lloyd's April 17, 2013 sentencing for his felon-in-possession conviction, Simmons applied, and the court did not use the conviction in paragraph 12 to designate Lloyd as an armed-career criminal. Nonetheless, the court properly assigned the conviction in paragraph 12 two criminal history points in April 2013 under U.S.S.G. § 4A1.1(b), and Simmons does not undermine that scoring. Likewise, in June 2014, the court again properly relied on the conviction in paragraph 12 of the PSR in light of U.S.S.G. § 4A1.1(b) in calculating Lloyd's criminal history score. As for the conviction in paragraphs 8 and 9 of the December 2012 PSR, even though Lloyd was age 16 when he committed these two crimes, he was convicted as an adult, and the convictions were properly scored at Lloyd's sentencings in 2013 and 2014 in light of U.S.S.G. § 4A1.1(a) and 4A1.2(d)(1). Accordingly, at Lloyd's June 2014 sentencing, the court properly concluded that Lloyd was a criminal history category VI.

As for Lloyd's ineffective assistance of counsel claim concerning his convictions in paragraphs 8, 9, and 12 of his December 2012 PSR and his designation as a criminal history category VI at his June 2014 sentencing, counsel's decision not to object is a tactical one entitled to deference. See, e.g., Strickland, 466 U.S. at 689; see also Knowles v. Mirzayance, 556 U.S. 111, 127 (2009); Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009); Guarascio v. United States, 996 F. Supp. 2d 406,

8

412 (E.D.N.C.), appeal dismissed, 583 F. App'x 288 (4th Cir. 2014) (per curiam) (unpublished). Here, Lloyd's counsel obviously did not object because the objections would have been baseless, and the Sixth Amendment does not require counsel to make baseless objections. See Knowles, 566 U.S. at 127. Moreover, counsel also did not object because he was following Lloyd's direction to plead guilty, waive the preparation of a PSR, make no objections, and be sentenced on the same day. See [D.E. 37-1] ¶ 4; cf. Strickland, 466 U.S. at 691 ("The reasonableness of counsel's actions may be determined or substantially influenced by defendant's own statements or actions."). Accordingly, Lloyd's second ineffective-assistance claim fails.

After reviewing the claims presented in Lloyd's motion, the court finds that reasonable jurists would not find the court's treatment of Lloyd's claims debatable or wrong, and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion for summary judgment [D.E. 36], DISMISSES Lloyd's section 2255 motion [D.E. 32], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This **28** day of April 2015.

JAMES C. DEVER III
Chief United States District Judge

9